T.C. Summary Opinion 2007-85

UNITED STATES TAX COURT

ANDREW S. CIRBO, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 2444-06S.                    Filed May 24, 2007.

Andrew S. Cirbo, pro se.

<u>Robert A. Varra</u>, for respondent.

DEAN, <u>Special Trial Judge</u>:  This case was heard pursuant to
the provisions of section 7463 of the Internal Revenue Code in
effect at the time the petition was filed.  Unless otherwise
indicated, subsequent section references are to the Internal
Revenue Code as in effect for the year at issue, and all Rule
references are to the Tax Court Rules of Practice and Procedure.
Pursuant to section 7463(b), the decision to be entered is not

reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

Respondent determined for 2003 a deficiency in petitioner's Federal income tax of $11,385 and a section 6662(a) accuracy-related penalty of $2,277. The issues for decision are whether petitioner: (1) Received unreported nonemployee compensation in 2003, (2) is subject to self-employment tax, and (3) is liable for a section 6662(a) accuracy-related penalty.

## Background

The stipulated facts and the exhibits received into evidence are incorporated herein by reference. At the time the petition in this case was filed, petitioner resided in Centennial, Colorado.

During 2003, petitioner was an insurance agent licensed in Colorado. In February of 2003, petitioner was approached by Patrick Donlon (Donlon) who at that time was organizing a Colorado entity called Secure Investments and Planning, LLC (Investments). Investments did not employ a licensed insurance agent because its primary focus was the mortgage business.

Donlon asked petitioner whether he would be willing to be the agent of record at North American Company for Life and Health Insurance (NACOLAH) for Investments, in the event that Investments wanted to sell products associated with life or

health insurance. Petitioner agreed. On February 11, 2003, petitioner signed a Contract Application with NACOLAH on which he listed his business name as "Secure Investments & Planning". The parties agreed that petitioner was an independent contractor for Investments. Petitioner also worked as an assistant agent to a registered agent for another insurance company during 2003.

Petitioner and Donlon orally agreed that Investments would pay to petitioner a fee if an insurance product was sold using petitioner's license. Petitioner and Donlon, however, did not agree specifically how a fee would be paid or calculated if a commission were earned from NACOLAH.

On behalf of Investments, petitioner signed about four or five applications for policies that were submitted to NACOLAH. NACOLAH issued to petitioner Agent Commission Statements showing that two policies, one on March 10 and one on March 11, 2003, were sold using petitioner's license, generating total commissions of $35,061.76. On March 12, 2003, an Agent Contract Transmittal Form was submitted to NACOLAH to request a contract change. The form indicated that effective March 12, 2003, there was an "assignment of comm[issions]" from petitioner to Investments.

Immediately thereafter, NACOLAH issued two checks totaling $35,061.76, dated March 12 and 13, 2003, made payable to petitioner for commissions earned. The checks were sent to Investments' business address and were deposited by Donlon into an account maintained by Investments. Investments subsequently paid the taxes on the commissions.

Petitioner filed a 2003 Form 1040, U.S. Individual Income Tax Return, reporting wages of $7,194, unemployment compensation of $7,610, taxable refunds of $401, and adjusted gross income of $15,205. Respondent received from NACOLAH a Form 1099-MISC, Miscellaneous Income, reporting that commissions of $35,061 were paid to petitioner in 2003. On November 7, 2005, respondent issued to petitioner a statutory notice of deficiency determining that petitioner had unreported income of $35,061 in 2003.

### Discussion

The Commissioner's determinations are presumed correct, and generally taxpayers bear the burden of proving otherwise. Rule 142(a)(1); Welch v. Helvering, 290 U.S. 111, 115 (1933).

Under section 6201(d), the burden of production may shift to the Commissioner where an information return, such as a Form 1099, serves as the basis for the determination of a deficiency. If a taxpayer asserts a reasonable dispute with respect to any item of income reported on a third-party information return and

the taxpayer has fully cooperated with the Secretary, the Secretary shall have the burden of producing reasonable and probative information concerning that deficiency in addition to the information return.

Petitioner has asserted a reasonable dispute with respect to the income reported by NACOLAH on the Form 1099-MISC and has cooperated with the Secretary. Petitioner asserts that he is not liable for the deficiency and the section 6662(a) accuracy-related penalty because he did not receive the commissions reported on the Form 1099-MISC in 2003. Petitioner offered his oral testimony as evidence. Petitioner's testimony was corroborated by Donlon's admission at trial and by canceled checks from NACOLAH that were deposited into an account maintained by Investments in 2003.

There is no suggestion that petitioner failed to cooperate fully with respondent. The Court concludes that respondent has the burden of producing reasonable and probative information concerning the deficiency and the Form 1099-MISC.

Respondent concedes that petitioner did not receive the checks from NACOLAH. Respondent nevertheless determined that petitioner had unreported income, around $2,000 to $3,000, which respondent asserts was the amount petitioner received from Investments for the use of his license in selling the insurance policies that generated the commissions reported by NACOLAH.

Petitioner claims that he "did not receive a dime of commission", from Investments or Donlon, in connection with the policies.

At trial, respondent called Donlon as a witness. Other than Donlon's belief that petitioner would not have agreed to Investments' using his insurance license for free, there is no evidence that petitioner actually received a fee from Investments for the use of his license in the sale of policies for NACOLAH.

Even if petitioner did receive a fee from Investments, the amount that was actually paid is unknown because Investments did not issue to petitioner a Form 1099 for 2003. Donlon testified that he did not remember how petitioner was paid, and he "estimated" that petitioner was paid a fee between $2,000 to $3,000 for the use of his insurance license. Donlon's testimony, however, was not supported by any documentation.

Accordingly, the Court finds that petitioner is not liable for the 2003 deficiency and section 6662(a) accuracy-related penalty because respondent has failed to satisfy his burden of production with respect to the deficiency and the Form 1099-MISC under section 6201(d).

To reflect the foregoing,

Decision will be entered for petitioner.